[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 29, 2005
THOMAS  K. KAHN
CLERK

No. 04-12648
Non-Argument Calendar
_____

D. C. Docket No. 03-00560-CR-WCO-1-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERARDO TORRES-LUGO,
a.k.a. "Harris",
a.k.a. Andres Torres-Lugo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 29, 2005)

Before TJOFLAT, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Gerardo Torres-Lugo appeals his 108-month sentence, imposed after he pled

guilty to conspiracy to distribute at least 500 grams of methamphetamine, in

violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii). On appeal, Torres-Lugo challenges the district court's denial of a minor-role reduction.[1] After careful review, we affirm.

"The district court's interpretation of the sentencing guidelines is subject to de novo review on appeal, while its factual findings must be accepted unless clearly erroneous." United States v. Ellis, 419 F.3d 1189, 1192 (11th Cir. 2005) (internal quotation marks and citation omitted). "[A] district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error." United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). "[T]he ultimate determination of role in the offense is also a fundamentally factual determination entitled to due deference and not a legal conclusion subject to de novo review." Id. at 938. The defendant has the burden of establishing his minor role in the offense by a preponderance of the evidence. Id. at 939.

The Sentencing Guidelines permit a two-point decrease of a defendant's offense level if the court finds the defendant was a "minor participant" in the crime. U.S.S.G § 3B1.2(b). To determine whether a mitigating-role reduction is warranted, a district court "should be informed by two principles discerned from

---

[1]In its brief, the government argues that this Court lacks jurisdiction based on the appeal-waiver provision in Torres-Lugo's plea agreement. We previously rejected this exact argument twice, when we denied the government's motion to dismiss and when we denied its motion for reconsideration.

2

the Guidelines: [1], the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and, [2], [his] role as compared to that of other participants in [his] relevant conduct." De Varon, 175 F.3d at 940. In looking to relevant conduct, "the district court must assess whether the defendant is a minor or minimal participant in relation to the relevant conduct attributed to the defendant in calculating [his] base offense level." Id. at 941. "In making the ultimate determination of the defendant's role in the offense, the sentencing judge has no duty to make any specific subsidiary factual findings." Id. at 939. "So long as the basis of the trial court's decision is supported by the record and does not involve a misapplication of a rule of law, we believe that it will be rare for an appellate court to conclude that the sentencing court's determination is clearly erroneous." Id. at 945 (emphasis in original).

Torres-Lugo argues that he is entitled to a minor-role reduction because his only role in the conspiracy consisted only of introducing one of his co-defendants to a drug supplier. As the district court acknowledged, however, Torres-Lugo and one of his co-defendants, who cooperated with the government prior to Torres-Lugo's cooperation, provided conflicting accounts concerning Torres-Lugo's participation. The earlier cooperating co-defendant immediately upon arrest identified Torres-Lugo as the supplier, while Torres-Lugo waited over four months

to reveal the existence of a different person.

Contrary to Torres-Lugo's assertion, the district court did not consider dispositive the timing of his disclosure of the other drug supplier's existence in directly evaluating Torres-Lugo's role in the offense. Rather, the district court considered the timing to be relevant in weighing the credibility of the two competing versions of events. Our review of the sentencing hearing transcript reveals that the district court was troubled and frustrated by the conflicting versions of events. But in the end, the district court concluded, after highlighting Torres-Lugo's late disclosure of the name of a supplier and the earlier cooperating defendant's identification of Torres-Lugo as the supplier, that "something doesn't fit well" in Torres-Lugo's version of the events.

On this record, we cannot say the district court clearly erred by concluding Torres-Lugo failed to show by a preponderance of the evidence that his version of events was the true one. Accordingly, the court did not clearly err by denying him a minor-role reduction.

**AFFIRMED.**

4